BURTON v. LAURENS COTTON MILLS.

CLAIM AND DELIVEGY—DEMAND APPEAL—MAGISTRATE COURT.—In an acction in claim and delivery in magistrate court, where demand did not enter into the merits of the case, it is not error for Circuit Judge on appeal to hear affidavits to the effect that before commencement of action plaintiff demanded possession of the chattel.

Before KLUGH, J., Laurens, February term, 1901. Affirmed.

Action by C. Willis Burton against Laurens Cotton Mills in magistrate court. From Circuit order affirming judgment of magistrate, defendant appeals.

*Mr. N. B. Dial,* for appellant, cites: *Demand affects merit of the action and evidence thereon is not admissible on appeal:* Code, 368.

*Messrs. Simpson & Cooper,* contra, cite: *Testimony shows demand was made before action:* 5 Ency., 280; 27 S. C., 244. *Demand not necessary:* 5 Ency., 528j, 528k; 5 Wait's Acts. & Defs., 481; 27 S. C., 243.

June 12, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This was an action to recover pos-

session of a bale of cotton in a magistrate's court. When the case was heard on appeal from the magistrate's decision, his Honor, the Circuit Judge, allowed the plaintiff to introduce in evidence affidavits to the effect that, before the commencement of the case in the magistrate's court, the plaintiff demanded the possession of the bale of cotton. After argument, the Circuit Judge dismissed the appeal and affirmed the judgment of the magistrate, which was in favor of the plaintiff.

The practical question raised by the exceptions, and the only one argued by the appellant's attorney, is whether the Circuit Judge erred in allowing said affidavits to be introduced in evidence. Sec. 368 of the Code contains the following provisions: "Upon hearing appeal, the appellate Court shall give judgment according to the justice of the case without regard to technical errors and defects which do not affect the merits. In giving judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all the parties, and for errors of law or fact. If the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the trial justice, the Court may determine the alleged error in fact on affidavits, and may, in its discretion, inquire into and determine the same upon examination of the witnesses." The first paragraph of the complaint alleged the corporate existence of the defendant. The other paragraphs of the complaint are as follows: "2d. That on or about the 7th day of November, 1900, there was stolen from the gin yard of Messrs. Daniel and Jones one bale of cotton weighing about 412 pounds. 3d. That the said bale of cotton is wrongfully detained by the defendant, and that said property has not been taken for any tax, fine or assessment, etc. 4th. That the value of said bale of cotton is $40.60, and that the cause of detention is, alleged purchase of the same by said corporation." The answer admitted the corporate existence of the defendant, but denied every other allegation of the complaint. Greater

15—64

liberality is allowed in proceedings before magistrates than in Courts having larger jurisdictional powers. In view of the issues presented by the pleadings in the magistrate's court and the liberality of the Code, the question of a demand did not enter into the merits of the case.

Having reached this conclusion, it follows that the Circuit Judge had the right to affirm the magistrate's judgment without regard to the alleged technical error or defect, and that he likewise had the right to consider the said affidavits in hearing the case on appeal.

Judgment affirmed.